UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LaDRENA THOMAS, as Personal
Representative of the ESTATE OF
DAVINIAN D. WILLIAMS, DECEASED,

      Plaintiff,

v.

Case No.: 3:13-cv-776-J-39PDB

THE CITY OF JACKSONVILLE; THE
JACKSONVILLE SHERIFF'S OFFICE;
JOHN H. RUTHERFORD, in his official
capacity as Sheriff of the Consolidated City of
Jacksonville and Duval County, Florida; and
OFFICER JEFFREY S. EDWARDS,

      Defendants.
_____/

## PLAINTIFF'S MOTION TO EXCLUDE DAVID A. KLINGER

Plaintiff, LaDrena Thomas, as personal representative of the Estate of Davinian D. Williams, by and through the undersigned counsel, hereby moves this Honorable Court to exclude the testimony of Defendants' retained expert, David A. Klinger, and in support thereof, states:

1. This case stems from the untimely death of Davinian D. Williams, after he was shot and killed by Officer Jeffrey S. Edwards, who was in the course and scope of his employment with the Jacksonville Sheriff's Office at the time of the shooting.

2. Defendants have retained an expert, David A. Klinger, to support their defense that Officer Edwards acted reasonably, and was justified in the slaying of Mr. Williams. Mr. Klinger is an associate professor in the Department of Criminology and Criminal Justice at the University of Missouri-St. Louis.

1

3. Rule 702 of the Federal Rules of Evidence controls the admission of expert testimony. It provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

4. As the Supreme Court made clear in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Rule 702 compels the district courts to make a "gatekeeping" determination as to the admission of expert testimony. 509 U.S. at 589. This function "inherently requires the trial court to conduct an exacting analysis" of the foundations of expert testimony to ensure they meet the standards for admissibility under Rule 702. *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1257, 1257 (11th Cir. 2002).

5. The objective of Rule 702 is to ensure that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Daubert*, 526 U.S. at 152.

6. Thus, district courts must engage in a rigorous three-part inquiry as to whether (1) the expert is qualified to testify completely regarding the matters they intend to address, (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the

2

trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fat in issue. *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3rd 548, 562 (11th Cir. 1998).

7. The Supreme Court in *Daubert* also provided four non-exclusive factors that courts may consider in determining whether an expert's methodology is reliable: (1) whether the theory or technique in question can and has been tested, (2) whether the technique or theory has been subjected to peer review or testing, (3) whether the known or potential rate of error is acceptable, and (4) whether the technique or theory is generally accepted by experts in the relevant field of study. *Id.*

8. Exactly how reliability is determined may vary from case to case, but what remains constant is the requirement that the trial judge evaluate the reliability of expert testimony before allowing its admission at trial. *See* Fed. R. Evid. 702 advisory committee's note (2000 amends) (stating "[t]he trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted.").

9. The trial court's gatekeeping function requires more than simply "taking the expert's work for it." Fed. R. Evid. 702 advisory committee's note (2000 amends).

10. Proffered expert testimony is only admissible if it offers something "beyond the understanding and experience of the average citizen." *U.S. v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985). Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments. *U.S. v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004).

11. The proponent of the expert testimony always bears the burden of satisfying the *Daubert* standard. *Frazier*, 387 F.3d at 1260.

12. A trial court's determination of the admissibility of expert testimony and the reliability of an expert opinion will not be overturned absent an abuse of discretion. *General Electric Company v. Joiner*, 522 U.S. 136, 141-43; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

13. Mr. Klinger's bases his expert opinions on insufficient facts or data and constitutes nothing more than impermissible *ipse dixit*. Mr. Klinger's opinions amount to nothing more than an "instinctive reaction to the materials provided", which courts have consistently rejected. *See Bethea v. Bristol Lodge Corp.*, 2003 WL 21146146, 7 (E.D. Penn. 2003); *See also Oddi v. Ford Motor Co.*, 234 F.3d 136, 158 (3rd Cir. 2000) ("An expert's opinion must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation); *See also Starnes v. Sears, Roebuck & Co.*, 2005 WL 6792591 (W.D. Tenn 2005); *Birge ex rel. Mickens v. Dollar General Corp.*, 2006 WL 5175758, 3 (W.D. Tenn. 2006), (striking security expert's opinions based on nothing more than his general experience and common sense).

14. Mr. Klinger's opinions are not the product of reliable principles or methods, and he has not reliably applied the principles and methods to the facts of this case. Mr. Klinger's testimony will not assist the trier of fact understand the evidence or determine any fact at issue, and instead usurps the role of the jury. Mr. Klinger's testimony therefore fails to meet the standards for admissibility under Rule 702 and the standards laid out in *Daubert* and its progeny.

For the foregoing reasons, Plaintiff respectfully moves this court for entry of an order excluding the testimony of David A. Klinger.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on: Craig Gibbs, 1200 Riverplace Blvd., Ste. 810, Jacksonville, FL 32202; David H. Willis, 320 1st Street North, Ste. 613, Jacksonville, FL 32250; Stephen J. Powell, General Counsel's Office of COJ, 117 W. Duval Street, Ste. 480, Jacksonville, FL 32202, via U.S. Mail this 24th day of October, 2016.

                          **COKER, SCHICKEL, SORENSON, POSGAY, CAMERLENGO & IRACKI, P.A.**

                /s/ *C. Rufus Pennington*
                      C. Rufus Pennington
                      Florida Bar No.:
                      136 East Bay Street
                      Jacksonville, Florida 32202
                      Telephone: (904) 356-6071
                      Facsimile:  (904) 353-2425
                      Attorneys for Plaintiff(s)